UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

SPECIALTY MINERALS, INC.,

            Plaintiff,

  -- against --

PLUESS-STAUFER AG, PLUESS-STAUFER
INDUSTRIES, INC., and OMYA, INC.,

            Defendants.

---------------------------------

98 Civ. 7775 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On August 24, 2005, Magistrate Judge Michael H. Dolinger, to whom this case was referred for supervision of pretrial proceedings, issued a Report and Recommendation (the "Report") recommending that the Court grant a motion by plaintiff Specialty Minerals, Inc. ("SMI") to strike the unclean hands affirmative defense asserted by defendants Pluess-Staufer AG, Pluess-Staufer Industries, Inc., and Omya, Inc. (collectively, "Omya").[1]  Omya objects to the Report and contests Magistrate Judge Dolinger's finding that the alleged misconduct upon which the unclean hands defense is grounded is not sufficiently related to the right in suit to sustain an unclean hands defense.  (See Defs.' Mem. at 2.)  Omya further objects to the finding that SMI would be prejudiced by the inclusion of the unclean hands defense.  (See id.)

---

[1] Defendants informed the Court in their submissions opposing the Report that the Pluess-Staufer entities changed their respective names to Omya AG and Omya Industries, Inc.  (See Defendants' Objections to the Report and Recommendation of Magistrate Judge Dolinger, dated September 8, 2005 ("Defs.' Mem."), at 1 n.1.)

The relevant facts and prior proceedings are amply discussed in Magistrate Judge Dolinger's thorough decision (see Report and Recommendation of Magistrate Judge Michael H. Dolinger, No. 98 Civ. 7775, dated August 24, 2005 ("Report"), at 1-3), a copy of which is incorporated herein. The Court has conducted a de novo review of "those portions of the report . . . to which objection [was] made." 28 U.S.C. § 636(b)(1). The Court concludes that the principles and authorities relied upon by Magistrate Judge Dolinger are controlling and sufficient to dispose of each of Omya's arguments.

## I. STANDARD OF REVIEW

Fed. R. of Civ. P. 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. of Civ. P. 72(b). SMI's motion to strike an affirmative defense is clearly "dispositive of a . . . defense of a party." Id.; see also United States v. Davis, 794 F. Supp. 67, 68 (D.R.I. 1992). Accordingly, the Court applies de novo review to those portions of the Report to which objections were raised.

## II. DISCUSSION

A.  STANDARD FOR STRIKING AN AFFIRMATIVE DEFENSE

Under Fed. R. Civ. P. 12(f), the Court may strike any "insufficient defense." A motion to strike an affirmative defense is not favored and will not be granted unless "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." William Z. Salcer, Panfield, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1985), vacated on other grounds, 478 U.S. 1015 (1986) (quoting Durham Indus., Inc. v. N. River Ins. Co., 482 F. Supp. 910, 913 (S.D.N.Y. 1979)). The standard for striking an affirmative defense is three-pronged: (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense. See De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate Inc., No. 04 Civ. 4099, 2005 WL 1164073, at *3 (S.D.N.Y. May 18, 2005) (quoting SEC v. KPMG, No. 03 Civ. 671, 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003)). The Court agrees with the Magistrate Judge's conclusion that all three prongs of the test have been met in this case.

B.  APPLICATION

    1.  No Question of Law Would Allow the Defense to Succeed

The unclean hands defense is an "ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co., 324 U.S. 806, 814 (1945). The unclean hands doctrine applies only where the misconduct alleged as the basis for the defense "has immediate and necessary relation to the equity that [plaintiff] seeks in respect of the matter in litigation." Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245 (1933). The Second Circuit has repeatedly emphasized the narrowness of the doctrine's application. See, e.g., Warner Bros., Inc. v. Gay Toys, Inc., 724 F.2d 327, 334 (2d Cir. 1983) (holding that plaintiff's alleged false accusation of copyright infringement did not bar plaintiff from relief in trademark infringement claim); Maatschappij Tot Exploitatie Van Rademaker's Koninklijke Cacao & Chocoladefadrieken v. Kosloff, 45 F.2d 94, 96 (2d Cir. 1930) (stating proposition that unclean hands doctrine applies only to "wrongdoing directly connected with the right sought" and does not leave a wrongdoer "without protection in the vindication of other[,] though closely connected, rights."); see also Gidatex S.r.L. v. Campeniello Imports, Ltd., 82 F. Supp. 2d 126, 131 (S.D.N.Y. 1999) (holding that unclean hands defense failed in trademark infringement suit where

misconduct underlying defense related to agreement between the parties but did not directly relate to trademark infringement claim).

Omya's unclean hands defense is legally insufficient because the misconduct that forms the basis for the defense is not "immediate[ly] and necessar[ily]" related to the right in suit. <u>Keystone</u>, 290 U.S. at 245. This suit arises from SMI's claim that Omya committed fraud in acquiring a particular patent, United States Patent No. 5,292,365 (the "'365 Patent"). (<u>See</u> Report at 2.) SMI alleges that Omya used the '365 Patent to engage in unfair competition by suing SMI for infringement and by telling SMI's customers that SMI was infringing Omya's '365 Patent. <u>See</u> <u>id.</u> Omya's unclean hands defense, in contrast, is based on allegations that SMI falsely accused Omya of infringing on patents held by SMI and that SMI made false statements to Omya's customers that Omya's product trials violated SMI patents. (<u>See</u> Defs.' Mem. at 7-8.) The misconduct alleged as the basis for Omya's unclean hands defense is not related to Omya's '365 Patent nor to Omya's improper use of the '365 Patent to engage in unfair competition. Instead, the misconduct alleged is related to patents held by SMI, specifically United States Patent No. 5,043,017 and No. 5,156,719 (collectively, the "SMI Patents"). (<u>See</u> Defendant's Memorandum of Law in Opposition to

Plaintiff's Motion to Strike Defendants' Third Affirmative Defense, dated November 3, 2004 at 6.)

Omya contests the Magistrate Judge's finding that the allegations underlying Omya's unclean hands defense are not sufficiently related to the right in suit to sustain an unclean hands defense. Omya argues that allegations of factually similar misconduct are sufficient to establish the requisite connection to warrant an unclean hands defense. (See Defs.' Mem. at 14.) However, the cases that Omya cites do not support Omya's proposition that factually similar misconduct alone is sufficient to create the necessary link for an unclean hands defense. In those cases, the misconduct that forms the basis for the unclean hands defense was directly related to plaintiff's use or acquisition of the right in suit.

In Western Union Telegraph Co. v. MCI Communications Corp., an unfair competition suit, the court found that the unclean hands doctrine was applicable because the plaintiff had allegedly engaged in inequitable conduct related to the market-allocation system central to plaintiff's claim and had allegedly "acquired its very right to enter the telecommunications market" through inequitable conduct. See No. 85 Civ. 5800, 1986 WL 2769, at *2 (S.D.N.Y. Feb. 26, 1986). In another case cited by Omya, Merrill Lynch, Pierce,

Fenner & Smith Inc. v. Callahan, the court similarly applied the unclean hands doctrine where plaintiff had acquired the right in suit, the right to exclusive use of a list of client names, through inequitable conduct. See 265 F. Supp. 2d 440, 443 (D. Vt. 2003).

Similarly, in Haagen-Dazs v. Frusen Gladje Ltd., the court applied the unclean hands doctrine where the plaintiff engaged in deceptive practices in exercising the right in suit. See 493 F. Supp. 73 (S.D.N.Y. 1980). In Haagen-Dazs, the plaintiff alleged that defendant was unfairly packaging ice-cream in a manner calculated to trade upon plaintiff's "unique Scandinavian marketing theme." Id. at 74. Plaintiff also alleged deceptive trade practices because defendant packaged its product in such a way as to give the impression that the product was of Scandinavian origin, although it was of domestic origin. The Haagen-Dazs court found that the unclean hands doctrine applied because the plaintiff itself employed packaging that gave the impression that its product was of Scandinavian origin when in fact the product was of domestic origin. See id. at 76. The unclean hands doctrine applied because the plaintiff's misconduct related to its exercise of the right in suit, the alleged right to "exclusive" use of a particular "unique Scandinavian marketing" technique. Id. at 74. In contrast, in the instant

proceeding, the misconduct Omya alleges is not related to the use or acquisition of the right in suit, SMI's right to be free of unfair competition arising out of false accusations of infringement of the '365 Patent.

Omya further argues that the Magistrate Judge improperly defined the right in suit. (See Defs.' Mem. at 2). The Magistrate Judge's analysis is grounded on the proposition that the right in suit is SMI's right to compete without being falsely accused of infringement of the '365 Patent. (See Report at 9-10.) Omya argues that the right in suit should be broadly defined as "the right of a business to compete in the marketplace without being falsely accused by its competitors of patent infringement." (Defs.' Mem. at 2.)

Omya's assertion that the Magistrate Judge improperly defined the right in suit is unpersuasive in light of the extensive case law in which the right in suit is narrowly defined in relation to the specific claims asserted by the plaintiff. In De Beers, for example, the court held that where plaintiff alleged trademark infringement and unfair competition, alleged misconduct not directly related to the misuse of the particular trademark at issue could not give rise to a viable unclean hands defense. See 2005 WL 1164073, at *4. The right in suit is similarly narrowly defined in Warner Bros., where the Second Circuit held that plaintiff's

alleged false accusation of copyright infringement did not bar plaintiff from relief in a trademark infringement claim because the alleged misconduct was not directly related to the right in suit. See 724 F.2d at 334. See also Gidatex, 82 F. Supp. 2d at 132.

   2.  No Question of Fact Would Allow the Defense to Succeed

The Court agrees with the Magistrate Judge's finding that no question of fact would allow the unclean hands defense to succeed. Omya failed to offer any factual basis to support its unclean hands defense in its Answer. (See Answer to SMI's First Amended Consolidated Counterclaim and Amended Complaint, dated June 26, 2001.) Although Omya raises new factual allegations in its most recent submissions, described below, the new allegations do not raise issues of fact that would allow an unclean hands defense to succeed.

In the most recent submissions, Omya contests the Magistrate Judge's conclusion that the SMI Patents relate to "different products" than the '365 Patent. (Defs.' Mem. at 15.) The Magistrate Judge noted that the '365 Patent relates to paper coating products while the SMI Patents relate to paper filling products. (See Report at 9.) Omya argues that the SMI Patents relate to both coating and filling products. (See Defs.' Mem. at 15.) However, even if this allegation were credited, the facts asserted fail to establish the

-9-

requisite connection between the right in suit and SMI's alleged misconduct. The misconduct Omya charges in support of its unclean hands defense does not relate to the '365 Patent and involves claims pertaining to different patents and associated rights. As noted above, an allegation of a similar pattern of misconduct does not, in itself, establish the requisite relationship where the conduct, claims and facts at issue do not intersect. See De Beers, 2005 WL 1164073, at *3-*4.

### 3. Prejudice to Plaintiff

Omya argues that SMI would not be prejudiced by the inclusion of Omya's unclean hands defense because this proceeding has been consolidated for trial purposes with another proceeding involving the SMI Patents, Mineral Technologies Inc. v. Omya AG, 04 Civ. 4484 (VM) (S.D.N.Y.) ("Mineral Technologies"). Contrary to Omya's assertion, SMI would be prejudiced by inclusion of this claim despite the consolidation of the two proceedings. First, additional discovery would be required as a result of the inclusion of the unclean hands defense. (See Defs.' Mem. at 22-23.) SMI would be required to respond to the Defendant's Third Request for Production of Documents, dated May 13, 2004. Additional depositions would also be required, as the depositions that have been conducted to date omit discussion of facts related

to the unclean hands defense. (Id. at 6.)  Second, the length and scope of the trial, scheduled to commence in a matter of weeks, would be expanded.  Although the instant proceeding has been consolidated with the Mineral Technologies action for trial purposes, the claims raised in the two cases are to be addressed separately at trial.  (See Letter dated October 4, 2005 from John L. North to United States District Judge Victor Marrero.)  Therefore, the length and scope of the portion of the trial related to the claims raised in this proceeding would be expanded.  As Magistrate Judge Dolinger noted in the Report and the Court concurs, "increased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion."  (Report at 12 (citing De Beers, 2005 WL 1164073, at *3).)

## III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the objections of defendants Omya Inc., Omya AG, and Omya Industries, Inc. (collectively "Defendants") to Magistrate Judge Michael H. Dolinger's Report and Recommendation, dated August 24, 2005, are denied; and it is further

**ORDERED** that the motion of plaintiff Specialty Minerals, Inc. to strike Defendants' affirmative defense of unclean hands is granted.

**SO ORDERED.**

Dated:   New York, New York
         26 October 2005

                                    _____
                                         VICTOR MARRERO
                                            U.S.D.J.